LIZZIE A. BURNHAM *vs.* WILLIS A. WING et al.

Androscoggin.    Opinion November 23, 1923.

*A husband joining in a deed with his wife, the grantor, in the testimonium clause only, not as a grantor properly, bars his rights of descent only.*

In the instant case the husband by joining in the testimonium clause in the deed in which his wife was the grantor, although the clause read "joining in this deed as grantor and relinquishing and conveying all rights by descent and all other rights in the above described premises," did not convey an interest which he may have received by deed from his wife, but only his statutory rights in the estate of his wife. He thereby bars his rights of descent under Public Laws of 1895, Chap. 137, now R. S., Chap. 80, Sec. 8, but he is not a grantor in the full meaning of that word.

On exceptions. An action of trespass quare clausum fregit involving title to real estate. Both plaintiff and defendant claimed title from one Lucy A. Burnham who conveyed the land to her husband, who conveyed to Russell Lynn, and he in turn conveyed to defendants. Lucy A. Burnham also conveyed the land to plaintiffs, after the conveyance to her husband, and her husband joined in the deed relinquishing his rights by descent, but not as one of the grantors properly. Plaintiff claimed that the husband in joining in the deed of his wife, Lucy A. Burnham, conveyed all his interest in the real estate, including the interest conveyed to him under the deed from his wife, while defendants claim that in joining with his wife the husband conveyed only his rights by descent in his wife's estate.

The case was heard by the presiding Justice without the intervention of a jury who found for the defendants and plaintiff entered exceptions. Exceptions overruled.

The case is fully stated in the opinion.

*Tascus Atwood*, for plaintiff.

*Franklin Fisher*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. Exceptions to the ruling of the Justice of the Superior Court for Androscoggin County ordering judgment for the defendants in an action of trespass quare clausum heard by him without the intervention of a jury. The ruling complained of is that the defendants prevail in their justification under the person having the better title. Both parties claim title from a common source, Lucy A. Burnham.

The defendants' chain begins with a deed from said Lucy A. Burnham to her husband James F. Burnham, dated June 16, 1914, and recorded October 6, 1915, thence to Russell Lynn and thence by Lynn to the defendants, under deed dated August 14, 1919, and recorded August 18, 1919.

The plaintiff rests her claim upon a warranty deed from said Lucy A. Burnham to the plaintiff dated July 12, 1916, and recorded September 19, 1916, in which deed she claims that James F. Burnham also effectively joined as grantor, and that this deed being on record before the conveyance to Lynn, and therefore Lynn having con-

structive notice thereof, James F. Burnham's title passed to the plaintiff under the deed of July 12, 1916, and not to Lynn and thence to the defendants.

The sole question therefore is whether James F. Burnham conveyed his interest in this estate obtained by deed from his wife when he signed his wife's deed to the plaintiff so that in effect it became their joint deed. We think not.

The person purporting to be the grantor, at the beginning of the instrument is, "I, Lucy A. Burnham." All the covenants of seizin and warranty are made by the same person and by her alone. Then follows the testimonium clause, and it is on this that the plaintiff hangs her hopes, viz.: "I the said Lucy A. Burnham and J. F. Burnham, husband of the said Lucy A. joining in this deed as grantor and relinquishing and conveying all rights by descent and all other rights in the above described premises have set our hands and seals this twelfth day of July in the year of our Lord one thousand nine hundred and sixteen." Both signed and sealed the deed. If the husband thereby conveyed the property jointly with his wife as co-grantor, then the plaintiff should recover, otherwise not.

We think the true meaning of the testimonium clause in this form is explained by the history of the change in the wife's interest in her husband's real estate and the husband's in the wife's wrought by Chap. 137 of the Public Laws of 1895, now R. S., Chap. 80, Sec. 8. Prior to that time the wife had only a right of dower in the lands of her husband, and the husband a right of curtesy in the lands of his wife, in this State, and it is common knowledge that the testimonium clause then generally read:

"In witness whereof, I, the said grantor and....................wife of the said....................in testimony of her relinquishment of her right of dower in the above described premises." After the passage of the Act of 1895, abolishing the right of dower in the wife and of curtesy in the husband and substituting rights by descent, it is also common knowledge that the testimonium clause was changed to read as follows:

"I the said................and ................wife of the said................joining in this deed as grantor and relinquishing and conveying all rights by descent and all other rights in the above described premises" &c. This is the printed form in common use with slight variations. It was the form used in this case. The purpose of the change was

apparent. The Act substituted a right and interest by descent for a right of dower or curtesy and the new clause is intended to bar merely the statutory rights under the new law as the old clause was intended to bar the statutory rights under the old law. R. S., Chap. 80, Sec. 9, expressly provides that "A husband or wife of any age may bar his or her right and interest by descent, in an estate conveyed by the other, by joining in the same" &c. This is what was intended here, and nothing more. The husband did join in the deed relinquishing and conveying all rights by descent and all other rights. The words "as grantor" cannot change this result by making the husband in effect a co-grantor with the wife.

. Such a construction would lead to endless trouble and confusion. Doubtless many thousand deeds like this under consideration have been given in this State and if the plaintiff's contention is correct, then these husbands and wives are liable as grantors upon the covenants of warranty, and more confusing still not a single one of them is indexed in our registries of deeds as grantor. Only the parties named as grantors in the beginning of the deed are so indexed. To hold that those intending to bar rights of descent are also grantors would unsettle a large number of titles in this State. The words "as grantors" uselessly printed in the testimonium clause cannot be given such an improper and wrongful effect.

The ruling of the Superior Justice was without error.

*Exceptions overruled.*